# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA VALLADORES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ASHTREE APARTMENTS, LLC., <br><br> Defendant. | Case No. 1:20-cv-01155-DAD-SAB <br><br> ORDER GRANTING ANITA VALLADORES' PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR HER MINOR CHILDREN <br><br> (ECF No. 9) |

On August 17, 2020, Anita Valladores and minors D.C. and K.C. ("Plaintiffs") filed a complaint in this action alleging violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et seq. (ECF No. 2.). On August 19, 2020, the parties were ordered to file a petition for appointment of guardian ad litem for the minor plaintiffs. (ECF No. 8.) On August 28, 20202, a petition for appointment of a guardian ad litem was filed. (ECF No. 9.) By the petition, Anita Valladores, who is the mother of the minor plaintiffs, seeks to be appointed guardian ad litem.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id.

1

A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has considered the petition of Anita Valladores for appointment as guardian ad litem for D.C. and K.C. who are plaintiffs in this action. Upon review of the petition and the complaint in this action, the Court finds that no conflict exists that would preclude Anita Valladores from serving as a guardian ad litem for D.C. and K.C. The Court finds that the appointment is both necessary and appropriate.

Accordingly, IT IS HEREBY ORDERED, that Anita Valladores is appointed as guardian ad litem for D.C. and K.C.

IT IS SO ORDERED.

Dated:   **August 31, 2020**

UNITED STATES MAGISTRATE JUDGE

2