# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA VALLADORES, et al., | Case No. 1:20-cv-01155-DAD-SAB |
| Plaintiffs, | |
| v. | ORDER GRANTING SAMANTHA SHEPHERD'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR HER MINOR CHILDREN E.J. AND M.J. |
| ASHTREE APARTMENTS, LLC., | |
| Defendant. | (ECF No. 17) |

On August 17, 2020, Anita Valladores and minors D.C. and K.C. filed a complaint in this action alleging violations of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et seq. (ECF No. 2.). On August 19, 2020, the parties were ordered to file a petition for appointment of guardian ad litem for the minor plaintiffs. (ECF No. 8.) On August 31, 2020, an order issued granting Anita Valladores petition to be appointed guardian ad litem for her minor children. (ECF No. 10.)

On October 27, 2020, Ashtree Apartments, LLC filed an answer to the complaint. (ECF No. 12.) A first amended complaint was filed on November 17, 2020 adding Samantha Shepherd and her minor children M.J. and E.J. as plaintiffs in this matter. (ECF No. 16.) Along with the amended complaint, a petition for appointment of Samantha Shepherd as a guardian ad litem for her minor children was filed. (ECF No. 17.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an

1  incompetent person may sue or defend on the incompetent person's behalf.  Fed. R. Civ. P. 17(c).
2  This requires the Court to take whatever measures it deems appropriate to protect the interests of
3  the individual during the litigation.  United States v. 30.64 Acres of Land, More or Less, Situated
4  in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  The appointment of the
5  guardian ad litem is more than a mere formality.  Id.  "A guardian ad litem is authorized to act on
6  behalf of his ward and may make all appropriate decisions in the course of specific litigation."  Id.
7  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated
8  to the best interests of the person on whose behalf he seeks to litigate."  AT&T Mobility, LLC v.
9  Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015).  This means that the guardian ad litem cannot
10 face an impermissible conflict of interest with the ward and courts consider the candidate's
11 "experience, objectivity, and expertise" or previous relationship with the ward.  Id. (citations
12 omitted).

13     "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
14 of each are the same, no need exists for someone other than the parent to represent the child's
15 interests under Rule 17(c)."  Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub
16 nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as
17 a guardian ad litem, there are situations where the best interests of the minor and the interests of
18 the parent conflict.  Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL
19 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to
20 act as guardian ad litem for the child.  Id., at *2.

21     The Court has considered the petition of Samantha Shepherd for appointment as guardian
22 ad litem for minors E.J. and M.J. who are plaintiffs in this action.  Upon review of the petition
23 and the complaint in this action, the Court finds that no conflict exists that would preclude
24 Samantha Shepherd from serving as a guardian ad litem for E.J. and M.J.  The Court finds that
25 the appointment is both necessary and appropriate.
26 / / /
27 / / /
28 / / /

2

Accordingly, IT IS HEREBY ORDERED, that Samantha Shepherd is appointed as guardian ad litem for E.J. and M.J.

IT IS SO ORDERED.

Dated:   **November 18, 2020**

_____
UNITED STATES MAGISTRATE JUDGE