1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA VALLADORES, et al., | Case No. 1:20-cv-01155-KES-SAB |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | ORDER VACATING HEARING SET FOR OCTOBER 2, 2024 |
| ASHTREE APARTMENTS, LLC, | |
| Defendant. | (ECF Nos. 48, 49) |

## I.

## INTRODUCTION

On August 5, 2024, Defendant filed a motion to amend the scheduling order to allow Defendant to submit its expert report for Randall S. Stout.[1]  (ECF No. 48.)  Pursuant to Local Rule 230(c), Plaintiffs' opposition was due on August 19, 2024; however, one was not filed until September 4, 2024.  The Local Rules provide that a party who fails to file a timely opposition is not entitled to be heard in opposition to the motion at oral argument.  L.R. 230(c).  Accordingly, the hearing set for October 2, 2024 will be vacated.  The Court finds a reply brief would not aid the Court in deciding the instant motion.  For the reasons set forth herein, the Court shall deny Defendant's motion to amend the scheduling order.

---

[1] Defendant refers to its expert as "Randall Stout" and "Randall Stuart" in its memorandum of points and authorities. (See, e.g., ECF No. 48 at 3.)  Because Defendant's notice of motion refers to the expert as "Randall S. Stout," the Court refers to the expert as "Mr. Stout" herein.

1

1

2

## II.

## BACKGROUND

3

4

5

6

7

On November 10, 2020, a scheduling order issued setting, in pertinent part, the expert disclosure deadline on August 12, 2021 and expert discovery deadline on October 11, 2021. (ECF No. 15.)  On December 6, 2021, Plaintiffs filed a motion for partial summary judgment, or, in the alternative, summary adjudication.  (ECF No. 29.)  The motion is currently pending before the District Judge.  No trial date is set in this matter.

8

9

10

11

12

13

14

15

16

17

In the instant motion to amend the scheduling order, Defendant avers it timely filed its disclosure of expert witnesses on August 12, 2021, which named Randall S. Stout of Construction Services & Investigations, Inc.  (ECF No. 48 at 3.)  Defendant proffers that due to oversight, it failed to provide Mr. Stout's expert report pursuant to the Federal Rules of Civil Procedure because a "preliminary report of this nature" is not required under California law.[2]  (Id.)  Upon realizing the oversight, Defendant requested that Plaintiffs stipulate to a motion to amend the scheduling order "to allow for an expert report to be provided concerning the nature of Mr. Stout's expert testimony."  (Id.)  Plaintiffs declined to stipulate.  (Id.)  Defendant requests that the Court amend the scheduling order "to allow Defendants to submit their expert report for expert Randall S. Stout and allow him to present testimony at trial."  (Id. at 5.)

18

19

20

21

22

23

24

Plaintiffs filed an untimely opposition on September 4, 2024.  (ECF No. 50.)  Plaintiffs proffer they requested that Defendant produce the written report on August 16, 2021, days after the expert disclosure deadline had expired; however, Defendant represented Mr. Stout had not yet generated a report.  (Id. at 4 (see also ECF No. 50-4 at 1 (counsel for Defendant informing counsel for Plaintiffs that "I am not aware of any case law that say [sic] my expert has to have a report done before disclosures.  If such exists feel free to share it.")).  Further, Plaintiffs note Defendant requested a stipulation to the instant motion on April 9, 2024, but failed to file the

25

26

27

28

---

[2] Under Rule 26(a)(2)(B), disclosure of an expert witness must be accompanied by a written report if the witness is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.  Here, expert reports were due on the date of expert disclosure on August 12, 2021.  (See ECF No. 15.)  It is unclear to the Court what Defendant refers to when referencing a "preliminary expert report" under the Federal Rules of Civil Procedure but finds any explanation would not aid the Court in determining the narrow issue of whether to amend the scheduling order.

1   motion until August 9, 2024.  (Id. at 3.)  Plaintiffs argue Defendant's failure to timely disclose the

2   expert's report is neither justified nor harmless.  (Id. at 3-4 (citing Fed. R. Civ. P. 37(c)(1)).)

3                                         **III.**

4                                    **DISCUSSION**

5          Defendant brings the instant motion to amend the scheduling order pursuant to Rules

6   26(a)(2) and 37 of the Federal Rules of Civil Procedure.  However, Rule 16 governs amendment

7   of a scheduling order.  See Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for

8   good cause and with the judge's consent.").  The "good cause" standard "primarily considers the

9   diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule

10  if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson

11  v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citation and quotations

12  omitted).  The prejudice to other parties, if any, may be considered, but the focus is on the

13  moving party's reason for seeking the modification.  Id.  If the party seeking to amend the

14  scheduling order fails to show due diligence, the inquiry should end, and the court should not

15  grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087

16  (9th Cir. 2002) (citing Johnson, 975 F.2d at 609).  "Relevant inquiries [into diligence] include:

17  whether the movant was diligent in helping the court to create a workable Rule 16 order; whether

18  matters that were not, and could not have been, foreseeable at the time of the scheduling

19  conference caused the need for amendment; and whether the movant was diligent in seeking

20  amendment once the need to amend became apparent."  United States ex rel. Terry v. Wasatch

21  Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (quotations and citation omitted).

22         Defendant fails to address whether good cause exists to modify the scheduling order

23  nearly three years after the deadlines expired.  The Court does not independently find good cause

24  exists.  Plaintiffs proffer they informed Defendant the expert report was overdue on August 16,

25  2021.  (ECF No. 50-4 at 2.)  In response, Defendant disagreed and stated it would share the report

26  "prior to expert depositions."  (Id.)  Expert discovery closed on October 11, 2021.  No motion to

27  amend the scheduling order was filed prior to the expiration of any deadline.  See W. Coast

28  Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990) (noting that it is

                                            3

1   "significant" when a party is seeking a "retroactive reopening" of a discovery deadline because "a

2   request for an extension acknowledges the importance of a deadline, [while] a retroactive request

3   suggests that the party paid no attention at all to the deadline."). Nothing in the record suggests

4   Defendant could not meet the deadlines set forth in the scheduling order.

5         In its motion, Defendant focuses on Plaintiffs' purported lack of prejudice. (ECF No. 48

6   at 3-4 (arguing Plaintiffs are not prejudiced by Defendant's oversight in failing to produce Mr.

7   Stout's report because (1) Plaintiffs have been fully aware of Defendant's intention to use Mr.

8   Stout as an expert because Defendant timely and fully disclosed such intent on August 12, 2021

9   in its expert disclosures, and (2) this case is not set for trial and Defendant is open to providing

10  Plaintiffs with the opportunity to depose Mr. Stout as an expert as needed).) However, Defendant

11  fails to address its due diligence. The Ninth Circuit has emphasized that diligence is the primary

12  factor in considering a motion for modification of the scheduling order, and that a lack of

13  diligence is determinative as to whether good cause supports the motion. See Johnson, 975 F.2d

14  at 609 ("Although the existence or degree of prejudice to the party opposing the modification

15  might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving

16  party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

17        Here, Defendant had knowledge of the outstanding expert report no later than August 16,

18  2021. (ECF No. 50-3 at 1.) Further, as Plaintiffs point out, Defendant fails to provide a date

19  when it realized its oversight in producing the expert report. Plaintiffs provide an email dated

20  April 9, 2024 from Defendant which asks whether Plaintiffs would be "willing to stipulate to our

21  Motion to amend the discovery order to allow for our expert report." (ECF No. 50-5.) Plaintiffs

22  responded the same day that they would not stipulate. Five months later, Defendant filed the

23  instant motion. The Court finds Defendant has not been diligent in seeking amendment once the

24  need to amend became apparent.

25        The Court recognizes Defendant's—and Plaintiffs'—failure to address diligence is due to

26  improper reliance on Rules 27 and 37 as governing standards for the instant motion to amend the

27  scheduling order. For this reason, the Court finds a reply brief by Defendant would be futile.

28  Plaintiffs have not moved to strike the expert disclosure for failure to produce a report pursuant to

4

Rule 26.  Thus, whether the failure to disclose the report was substantially justified or is harmless is not properly before the Court.  See Fed. R. Civ. P. 37(c).  If Plaintiffs contend that the expert disclosure failed to comply with Rule 26, Plaintiffs are not precluded from filing a proper motion requesting relief.[3]

### IV.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set for October 2, 2024, is VACATED and the parties will not be required to appear at that time; and

2. Defendant's motion to amend the scheduling order (ECF No. 48) is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] It is unclear whether Mr. Stout's report has been produced to Plaintiffs.  The timing of such production would be a factor in determining the merits of a potential future motion requesting proper relief for the failure to disclose on August 12, 2021, or any appropriate sanctions related to conducting further discovery as a result of the late disclosure.