# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA VALLADORES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ASHTREE APARTMENTS, LLC,<br><br>    Defendant. | Case No. 1:20-cv-01155-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFFS' PETITION FOR MINOR'S COMPROMISE<br><br>(ECF No. 66) |

Currently before the Court is Plaintiff Anita Valladores, Samantha Shepherd and minors D.C., K.C., E.J., and M.J.'s (collectively "Plaintiffs") unopposed petition for minor's compromise. (ECF No. 66.) The matter was referred to the Magistrate Judge for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court found this matter suitable for decision without oral argument and vacated the hearing set for November 19, 2025. See Local Rule 230(g). Having reviewed the motion, the Court concludes that it does not comply with the Local Rules and thus recommends that it be denied. The Court will, however, consider a renewed motion that complies with the Local Rules and cures the deficiencies discussed below.

///

///

///

1

**I.**

**BACKGROUND**

Plaintiffs initiated the instant litigation against Defendant Ashtree Apartments, LLC on August 17, 2020, alleging violations under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and related state laws for discriminating against families with children. (ECF No. 1.) Plaintiff D.C. is a male minor, presently sixteen years old; Plaintiff K.C. is a female minor, presently fifteen years old; Plaintiff E.J. is a female minor, presently seventeen years old; and Plaintiff M.J. is a male adult, presently eighteen years old.[1]  As previously ordered by the Court, Anita Valladores, was appointed guardian ad litem for minor Plaintiffs D.C. and K.C., (ECF No. 10), and Samantha Shepherd was appointed guardian ad litem for minor Plaintiffs E.J. and M.J. (ECF No. 18.) Plaintiffs amended their complaint on November 7, 2020. (ECF No. 16.)

As set forth in the Second Amended Complaint, Plaintiffs allege that Defendant harassed children for being outside and prohibited tenants from using bikes, skateboards, tricycles, scooters, or any other wheeled devices, as well as from playing ball or drawing on the sidewalks with chalk. (Id. at ¶ 13.) Large children's toys were also prohibited on tenants' patios, and children under the age of fourteen were not allowed to use the pool without an adult in attendance. (Id. at ¶¶ 24, 39.) As a result of Defendant's actions, Plaintiffs suffered emotional distress and related physical manifestations, as well as violations of their rights. (Id. at ¶ 60.) E.J. and M.J experienced anxiety as a result of being unable to play outside. (Id. at ¶ 26.) K.C. became very afraid of the managers and feared eviction, becoming highly stressed whenever she saw them. (Id. at ¶ 31.) D.C. also feared that he and his family would be evicted. (Id. at ¶ 32.) No child suffered physical injuries as a result of the alleged discrimination, nor did any child require any medical or psychiatric treatment for the emotional injuries they sustained. (ECF No. 66, p. 4.)

Defendant filed its answer on December 18, 2020. (ECF No. 20.) On September 19,

---

[1] M.J. reached the age of majority on March 15, 2025; however, he was a minor when the causes of action arose. (ECF No. 66, p. 2 n.2.) For simplicity, M.J. will be referred to as one of the minors.

1 | 2025, the parties participated in a half-day mediation before the Honorable Barbara A.
2 | McAuliffe. (ECF No. 65.) At the mediation, Defendant agreed to pay D.C. and K.C. $10,000.00
3 | each for their respective injuries, and M.J. and E.J. $12,000.00 each for their respective injuries.
4 | (Valladores Decl., ¶ 9; Shepherd Decl., ¶ 13.) With respect to the settlement proceeds allocated
5 | to the minor Plaintiffs, the proceeds will be deposited into an interest-bearing FDIC or NCUA
6 | insured accounts held in their names, from which no withdrawals shall be made without a court
7 | order until the minors reach the age of majority. (ECF No. 66.) Because Plaintiff M.J. reached
8 | the age of majority in March 2025, Samantha Shepherd proposes that the funds be paid directly
9 | to him. (Id.) On October 3, 2025, Plaintiffs filed the motion for minors' compromise. (ECF No.
10 | 66.) Defendant filed a statement of non-opposition on October 9, 2025. (ECF No. 68.) None of
11 | the children show signs of ongoing stress and appear to be doing well. (ECF No. 66, p. 4.)

## II.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)). The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182. The fairness and reasonableness of the settlement is determined "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id.

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." E.D. Cal. L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule

230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

E.D. Cal. L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

## III.

## DISCUSSION

The motion filed with the Court provides an overview of the terms of the settlement and sets forth most of the information necessary to consider approval of the settlement pursuant to the Eastern District of California's Local Rules.[2] It does not, however, fully address the manner in which the compromise amount or other consideration was determined, nor does it disclose the terms of Plaintiffs' attorney, any potential conflicts, or compensation arrangements, as required.

Plaintiffs note that they accepted the mediator's proposal to resolve their claims with

---

[2] Although some information appears in the proposed order and declarations of Anita Valladores and Samantha Shepherd rather than in the motion itself, the Court will accept the information as provided. The Court cautions counsel that, in future filings, such information should be included in the motion, as the Court was unable to locate the required information at first glance.

4

Defendant regarding the alleged violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and related state laws.  (ECF No. 66.)  Plaintiffs provide a blanket statement that "D.C. and K.C. shall both receive $10,000 for their respective injuries, and M.J. and E.J. shall both receive $12,000 for their respective injuries," but do not explain how these amounts were determined or what factors justify the $2,000 differential between the minors.  Without this information, the Court cannot determine whether the proposed allocations are fair, reasonable, or consistent with the minor Plaintiffs' actual claims.

Moreover, the Court has not been informed whether Plaintiffs' attorney has terms under which he was employed, whether the attorney has any conflict of interest with Defendant, or whether the attorney has received or expects to receive any compensation, and if so, from whom and in what amount.  As the Court must independently evaluate any compromise of minor claims to ensure the minors' interests are protected, Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983), it cannot approve the proposed settlement without information regarding the attorney's representation and compensation.  See Local Rule 202(c).  Consequently, the Court declines to approve the minors' compromise as currently presented.

## IV.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the motion for the minors' compromise be DENIED without prejudice.  Alternatively and to save any delay, if Plaintiffs choose to withdraw their motion and file a renewed motion that addresses the deficiencies and complies with the Local Rules, the Court will vacate these Findings and Recommendations and consider the renewed motion on its merits.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28

1 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
2 time may result in the waiver of the "right to challenge the magistrate's factual findings" on
3 appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923
4 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 19, 2025**

STANLEY A. BOONE
United States Magistrate Judge