# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA VALLADORES, et al., | Case No. 1:20-cv-01155-KES-SAB |
| Plaintiffs, | ORDER VACATING JANUARY 21, 2026 HEARING |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' PETITION FOR MINORS' COMPROMISE |
| ASHTREE APARTMENTS, LLC, | |
| Defendant. | |
| | (ECF No. 73) |

Currently before the Court is Plaintiff Anita Valladores, Samantha Shepherd and minors D.C., K.C., E.J., and M.J.'s (collectively "Plaintiffs") unopposed petition for minors' compromise. (ECF No. 73.) The matter was referred to the Magistrate Judge for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Having reviewed the motion, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Thus, the hearing set for January 21, 2026 will be vacated and the parties will not be required to appear at that time. For the reasons discussed herein, the Court recommends the petition for minors' compromise be granted.

/ / /

/ / /

/ / /

1

## I.

## BACKGROUND

Plaintiffs initiated the instant litigation against Defendant Ashtree Apartments, LLC on August 17, 2020, alleging violations under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and related state laws for discriminating against families with children.  (ECF No. 1.)  Plaintiff D.C. is a male minor, presently sixteen years old; Plaintiff K.C. is a female minor, presently fifteen years old; Plaintiff E.J. is a female minor, presently seventeen years old; and Plaintiff M.J. is a male adult, presently eighteen years old.[1]  As previously ordered by the Court, Anita Valladores, was appointed guardian ad litem for minor Plaintiffs D.C. and K.C., (ECF No. 10), and Samantha Shepherd was appointed guardian ad litem for minor Plaintiffs E.J. and M.J.  (ECF No. 18.)  Plaintiffs amended their complaint on November 7, 2020.  (ECF No. 16.)

As set forth in the Second Amended Complaint, Plaintiffs allege that Defendant harassed children for being outside and prohibited tenants from using bikes, skateboards, tricycles, scooters, or any other wheeled devices, as well as from playing ball or drawing on the sidewalks with chalk.  (Id. at ¶ 13.)  Large children's toys were also prohibited on tenants' patios, and children under the age of fourteen were not allowed to use the pool without an adult in attendance.  (Id. at ¶¶ 24, 39.)  As a result of Defendant's actions, Plaintiffs suffered emotional distress and related physical manifestations, as well as violations of their rights.  (Id. at ¶ 60.)  E.J. and M.J experienced anxiety as a result of being unable to play outside.  (Id. at ¶ 26.)  K.C. became very afraid of the managers and feared eviction, becoming highly stressed whenever she saw them.  (Id. at ¶ 31.)  D.C. also feared that he and his family would be evicted.  (Id. at ¶ 32.)  No child suffered physical injuries as a result of the alleged discrimination, nor did any child require any medical or psychiatric treatment for the emotional injuries they sustained.  (ECF No. 73, p. 7.)

Defendant filed its answer on December 18, 2020.  (ECF No. 20.)  On September 19,

---

[1] M.J. reached the age of majority on March 15, 2025; however, he was a minor when the causes of action arose. (ECF No. 73, p. 4 n.7.)  For simplicity, M.J. will be referred to as one of the minors.

2

2025, the parties participated in a half-day mediation before the Honorable Barbara A. McAuliffe. (ECF No. 65.) At the mediation, Defendant agreed to pay D.C. and K.C. $10,000.00 each for their respective injuries, and M.J. and E.J. $12,000.00 each for their respective injuries. (ECF No. 73-2, Anita Valladores Decl., ¶ 9; ECF No. 73-3 Samantha Shepherd Decl., ¶ 13.) With respect to the settlement proceeds allocated to the minor Plaintiffs, the proceeds will be deposited into an interest-bearing FDIC or NCUA insured accounts held in their names, from which no withdrawals shall be made without a court order until the minors reach the age of majority. (ECF No. 73.) Because Plaintiff M.J. reached the age of majority in March 2025, Samantha Shepherd proposes that the funds be paid directly to him. (Id.)

On December 12, 2025, Plaintiffs filed the motion for minors' compromise. (ECF No. 73.) Defendant did not file an opposition and the time to do so has now expired. See L.R. 230(c). On January 13, 2025, Plaintiffs summitted supplemental briefing pursuant to a Court order. (ECF Nos. 75, 76.) None of the children show signs of ongoing stress and appear to be doing well. (ECF No. 73, p. 7.)

## II.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)). The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182. The fairness and reasonableness of the settlement is determined "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id.

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or

compromise." E.D. Cal. L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

E.D. Cal. L.R. 202(b)(2). Further, under Local Rule 202(c),

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c). Local Rule 202 also provides guidelines regarding the disbursement of money to minors. Money or property recovered on behalf of a minor will be: "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor… ." L.R. 202(e).

## III.

## DISCUSSION

Under the terms of the parties' settlement, Defendant has agreed to pay D.C. and K.C. $10,000.00 each for their respective injuries, and M.J. and E.J. $12,000.00 each for their respective injuries. The parties' settlement further provides that the minor plaintiffs' recovery share will be deposited into an interest-bearing FDIC or NCUA insured account held in their respective name, from which no withdrawals shall be made without a court order until the minors reach the age of majority. Because Plaintiff M.J. reached the age of majority in March 2025, his guardian ad litem proposes that his share be paid directly to him.

The motion and supplemental briefing filed with the Court provide an overview of the settlement terms and set forth the information necessary to consider approval of the settlement as required by Local Rule 202(b) and (c).[2]  Plaintiffs have been represented by Attorney Stuart E. Fagan since the inception of this case, and retained by the minors' respective mothers on a contingent, hourly-fee basis.  (ECF No. 76.)  Counsel expects to receive $93,390.39 from the global settlement for more than 360 hours of work.  (Id.)  Further, Attorney Fagan represents he has no conflicts of interest with Defendant and has not received compensation for post-settlement work.  (Id.; ECF No. 73-1, p. 3.)

As shown in the pending motion, and upon the Court's independent review of similar cases, the net recovery amounts are comparable to recoveries awarded to minor plaintiffs in similar cases involving housing discrimination matters.  See, e.g., Milton v. Regency Park Apts., 2015 WL 546045, at *3 (E.D. Cal. Feb. 9, 2015) (approving a $10,000 compromise for each of the minors' injuries arising from housing discrimination); Gonzalez v. Diversified Real Prop. Mgmt. and Bus. Servs., Inc., 2010 WL 10105756, at *1 (C.D. Cal. Mar. 29, 2010) (awarding compromise of $2,500 to each child where children were prohibited from playing in the common areas at an apartment complex); Monroe v. Cowing Litton Props., LLC, 2011 U.S. Dist. LEXIS 156961 (C.D. Cal. Dec. 5, 2011) (approving minors' compromise of $3,500 per child who had been subjected to the housing discrimination).  Finally, the fact that the parties reached their settlement with the assistance of a magistrate judge through a settlement conference further suggests that the settlement is fair and reasonable.  See E.H. v. Cal. Exposition & State Fair, 2023 WL 1245145, at *3 (N.D. Cal. Mar. 18, 2019) (finding minor's compromise reasonable where the parties engaged in negotiations with a magistrate judge to reach settlement).

Having considered the facts of the case, the minors' specific claims, and the recovery in similar cases, the undersigned recommends that the motion to approve settlement of the minors'

---

[2] Although some information appears in the proposed order and declarations of Anita Valladores and Samantha Shepherd rather than in the motion itself, the Court will accept the information as provided.  The Court cautions counsel that, in future filings, such information should be included in the motion, as the Court was unable to locate the required information at first glance.

compromise be granted.  The undersigned further recommends approval of Plaintiffs' proposal to deposit the minor Plaintiffs' settlement proceeds into an interest-bearing FDIC or NCUA accounts until they reach the age of majority, as well as direct payment to M.J.  See Williams v. Cty. of Monterey, 2020 WL 7342737, at *1-2 (N.D. Cal. Dec. 14, 2020) (collecting cases) (noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit").

**IV.**

**RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that the motion for the minors' compromise (ECF No. 73) be GRANTED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge